IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| RAY A. ROLLINS, Register No. 520743, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09-4084-CV-C-SOW |
| ) | |
| GEORGE LOMBARDI, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

  Plaintiff Ray A. Rollins, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343.[1] Named as defendants are George Lombardi, Director, Missouri Department of Corrections, and Steve Long, Chairman, Missouri Board of Probation and Parole.

  Plaintiff complains about his parole officer and parole eligibility and mandatory release date.

  Plaintiff has been granted provisional leave to proceed without prepaying the filing fee and costs. 28 U.S.C. § 1915(a). However, pursuant to the Prison Litigation Reform Act, the court is required to screen prisoner cases and must dismiss a complaint, or any portion of the complaint, if satisfied that the action is frivolous, malicious, or fails to state a claim under which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1) and (2). Additionally, under section 1915(g), if a prisoner, while incarcerated, has had three cases dismissed on any of these grounds, the court must deny leave to proceed under section 1915(a). The only exception to the successive petition clause is when the prisoner faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

  Plaintiff's claims should be dismissed because he is challenging the duration of his confinement. It is well settled that if a plaintiff seeks a speedier release from confinement, his

---

  [1]This case was referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 501 (1973). This remedy, of course, requires exhaustion of all adequate and available state court remedies. Id. at 490. The state courts must have an opportunity to review the merits of petitioner's contentions and must be given primary responsibility in their own criminal cases. Fay v. Noia, 372 U.S. 391 (1963); Tyler v. Swenson, 527 F.2d 877 (8th Cir. 1976).

The fact that plaintiff seeks damages does not excuse him from first exhausting state remedies. If an award of damages under section 1983 would imply a plaintiff's underlying sentence or conviction is invalid, the court must dismiss the case, unless the sentence or conviction has already been invalidated. Heck v. Humphrey, 512 U.S. 477, 487 (1994); Schafer v. Moore, 46 F.3d 43 (8th Cir. 1995) (requiring dismissal, without prejudice).

Plaintiff's complaint should be dismissed because he has failed to state a claim under 42 U.S.C. § 1983. Plaintiff is warned that if this case is dismissed as recommended, it will count against him for purposes of the three-dismissal rule set forth in 28 U.S.C. § 1915(g).

IT IS, THEREFORE, RECOMMENDED that plaintiff's claims be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 17th day of June, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge